T.C. Memo. 2008-159


UNITED STATES TAX COURT


ALBERTO CAMPOS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19419-05.                    Filed June 24, 2008.


Alberto Campos, pro se.

Jeffrey D. Heiderscheit, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


VASQUEZ, Judge:  Respondent determined a deficiency of $3,773 in petitioner's 2003 Federal income tax.  The issues for decision are whether petitioner is entitled to dependency exemption deductions and child tax credits for his three children.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Texas.

Petitioner and Ruth Femat (Ms. Femat), formerly Ruth Femat Campos, married in 1992. They had three children together (children). They separated before 2001. The 65th Judicial District Court of El Paso County, Texas (district court), granted petitioner's and Ms. Femat's final decree of divorce on August 31, 2004 (divorce decree).

In the divorce decree, the district court appointed Ms. Femat and petitioner as joint managing conservators of the children. The district court also awarded petitioner custody of the children for a period amounting to less than one-half of each calendar year (petitioner had physical custody of the children on some weekends and holidays and 2 hours on each child's birthday). The district court awarded Ms. Femat custody for all times not specifically awarded to petitioner in the divorce decree.

The divorce decree requires that petitioner pay Ms. Femat $982.16 per month in child support. In addition, the divorce decree requires petitioner to maintain health insurance on the children and pay half of all medical expenses not covered by insurance. The divorce decree does not address who may claim the

dependency exemption deductions for the children, and petitioner and Ms. Femat never entered into an agreement regarding who could claim the dependency exemption deductions for the children.

## OPINION

Petitioner has neither claimed nor shown that he satisfied the requirements of section 7491(a)[1] to shift the burden of proof to respondent with regard to any factual issue.  Accordingly, petitioner bears the burden of proof.  See Rule 142(a).

## I.  Dependency

Section 151(a) and (c) allows a deduction for a "dependent" as defined in section 152.  A son or daughter of the taxpayer, more than half of whose support during the calendar year is provided by the taxpayer, is a "dependent".  Sec. 152(a).

Section 152(e)(1), however, further provides that if a child receives more than one-half of his support during the calendar year from parents who are divorced or legally separated, or who live apart at all times during the last 6 months of the calendar year, and if the child is in the custody of one or both of his parents for more than one-half of the calendar year, then the child is treated as receiving more than one-half of his support

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue and all Rule references are to the Tax Court Rules of Practice and Procedure.

during the year from the parent having custody for the greater portion of the calendar year (custodial parent).[2]

Section 152(e)(2) provides an exception to this rule where the custodial parent releases the claim to the dependency exemption deduction for the year. The custodial parent must sign a written declaration that the custodial parent will not claim such child as a dependent for such taxable year, and the noncustodial parent must attach such written declaration to the noncustodial parent's return for that taxable year. Sec. 152(e)(2).

Ms. Femat is the custodial parent because she had custody of the children for more than one-half of the year and is treated as providing more than one-half of the children's support. She has never executed a written declaration waiving the dependency exemption deductions for the children. Because petitioner is the noncustodial parent and Ms. Femat never executed a waiver of the exemption deductions, we conclude that petitioner is not entitled to dependency exemption deductions for the children.

II. Child Tax Credit

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child". A qualifying child is defined, inter alia, as any individual if "the taxpayer is allowed a

---

[2] The noncustodial parent is the parent who is not the custodial parent. Sec. 152(e)(2).

deduction under section 151 with respect to such individual for the taxable year". Sec. 24(c)(1)(A).

We conclude that petitioner is not entitled to dependency exemption deductions pursuant to section 151 for his three children for 2003. Consequently, his children are not qualifying children pursuant to section 24(c). Accordingly, petitioner is not entitled to child tax credits under section 24(a) with respect to his children for 2003.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.